Matter of Knopf v Feldman & Assoc., PLLC (2020 NY Slip Op 01030)





Matter of Knopf v Feldman & Assoc., PLLC


2020 NY Slip Op 01030


Decided on February 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020

Richter, J.P., Manzanet-Daniels, Gesmer, Singh, JJ.


11032 153821/19

[*1] In re Norma Knopf, et al., Petitioners-Respondents,
v
Feldman & Associates, PLLC, etc., et al., Respondents, Esposito PLLC, doing business as Esposito Partners, PLLC, et al., Respondents-Appellants.


Esposito, PLLC, New York (Frank Esposito of counsel), for appellants.
Berry Law, PLLC, New York (Eric W. Berry of counsel), for respondents.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about July 11, 2019, which, to the extent appealed from, granted the petition to compel respondents Esposito PLLC d/b/a Esposito Partners, PLLC and Frank Esposito to turn over certain funds, unanimously reversed, on the law, without costs, and the petition dismissed.
Petitioners failed to show that their right to the funds in question was superior to that of respondents (see CPLR 5225[b]). Contrary to petitioners' contention, respondents did not take the funds in violation of any order of this Court.
Petitioners do not have an equitable lien on the funds, because the debtor spent the money on services that were contracted for (see Montanile v Board of Trustees of Natl. El. Indus. Health Benefit Plan, __, US __, 136 SCt 651, 658 [2016]).
We decline to consider petitioners' fraudulent conveyance theories, raised for the first time on appeal, because the issues are intensely fact-bound and cannot be resolved on the existing record (see Facie Libre Assoc. I, LLC v SecondMarket Holdings, Inc., 103 AD3d 565 [1st Dept 2013], lv denied 21 NY3d 866 [2013]).
Contrary to respondents' contention, petitioners' claims are not barred by the doctrine of collateral estoppel (see Buechel v Bain, 97 NY2d 295, 303-304 [2001], cert denied 535 US 1096 [2002]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2020
CLERK